IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| EDWIN ENRIQUE GONZALEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:26-cv-1202 (LMB/LRV) |
| | ) | |
| DONALD J. TRUMP, et al., | ) | |
| | ) | |
| Respondents. | ) | |

ORDER

Petitioner Edwin Enrique Gonzalez ("Gonzalez"), a native and citizen of El Salvador, has filed a four-count Amended Petition for Writ of Habeas Corpus ("Amended Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since April 21, 2026. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act (Count I) and his due process rights (Counts II, III, and IV).

Gonzalez is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Jeffrey Crawford, the warden of the Farmville Detention Center. Gonzalez has also sued Donald J. Trump, the President of the United States; Russell Hott, the Acting Director of the ICE Enforcement and Removal Operations Washington Field Office; Todd Lyons, the Acting Director of ICE; Markwayne Mullin, the DHS Secretary; Marco Rubio, the Secretary of State; Todd Blanche, the Acting Attorney General; Jeanine Ferris Pirro, the U.S. Attorney for the District of Columbia; and James

Hundley, the former U.S. Attorney for the Eastern District of Virginia.[1] For the reasons discussed in this Order, the Court finds that Gonzalez is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Amended Petition will be granted, and the federal respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

## I.

According to his Amended Petition, Gonzalez entered the United States without inspection in 1998. [Dkt. No. 6] at ¶ 37. On October 5, 2024, he was granted military parole, which was effective for one year, based on his son's status in the United States Army. Id. ¶ 39; [Dkt. No. 10-1] at ¶ 8. On April 21, 2026, Gonzalez was stopped by local authorities for unpaid traffic tickets. [Dkt. No. 6] at ¶ 40. At that time, "[n]earby ICE authorities arrested him," and he has since been detained at the Farmville Detention Center. Id. ¶¶ 41–42.

Gonzalez filed his Amended Petition for Writ of Habeas Corpus on May 6, 2026, which argued that Gonzalez should be afforded a bond hearing pursuant to § 1226(a) and that Gonzalez should be released from ICE custody pending that hearing. [Dkt. No. 6]. In response to the Court's order directing the federal respondents to show cause as to why the Amended Petition should not be granted, [Dkt. No. 4], the federal respondents filed a pleading indicating that the factual and legal issues presented in the Amended Petition did not differ in any material fashion from Ceba Cinta v. Noem, et al., 1:25-cv-1818 (E.D. Va), in which the Court granted the petitioner a bond hearing pursuant to § 1226(a) because the petitioner had been present in the United States for several years, [Dkt. No. 10] at 1. Also in that pleading, the federal respondents

---

[1] Several individuals have been improperly named as respondents in this action. For instance, it is entirely unclear what connection the Secretary of State and the U.S. Attorney for the District of Columbia have to this action.

argued that the Court's decision in Pineda-Berrios v. Noem, et al., 1:25-cv-2332 (E.D. Va.) was distinguishable from the facts at issue in the Amended Petition. [Dkt. No. 10] at 2–3. Accordingly, the federal respondents requested that the Court not grant any relief beyond the relief granted to the petitioner in Ceba Cinta. Id. at 3. In his reply brief, Gonzalez argued that the federal respondents misinterpreted the Court's holding in Ceba Cinta, insisted that "[t]he Government has committed civil contempt," and requested $1,000 per day for the duration of Gonzalez's unlawful confinement. [Dkt. No. 11]. Finding that oral argument will not aid the decisional process, the Amended Petition will be resolved on the papers submitted.

## II.

As an initial matter, Gonzalez's argument that counsel for the federal respondents should be held in civil contempt and fined $1,000 per day for the duration of Gonzalez's unlawful confinement is entirely inappropriate. The federal respondents' pleading in response to the Amended Petition concedes that the facts presented in the Amended Petition do not differ in any material fashion from Ceba Cinta, in which this Court granted the petitioner a bond hearing because he had been present in the United States for several years. [Dkt. No. 10] at 1. The federal respondents' request in that pleading for the Court to "incorporate the filings and arguments from Ceba Cinta into the record of this case and adjudicate the legality of Petitioner's present detention under 8 U.S.C. § 1225(b)(2)" does not mean that the federal respondents have defied the law of this district, as Gonzalez contends. [Dkt. No. 11] at 2. Rather, the federal respondents' request merely indicates that they maintain their position as to the interpretation of §§ 1226(a) and 1225(b)(2) but recognize that the Court has adopted a contrary interpretation. For these reasons, Gonzalez's request that the Court "make a finding of civil contempt," [Dkt. No. 11] at 3, will be denied.

3

Turning to the merits, the central question posed in Gonzalez's Amended Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). As the federal respondents argued in their Ceba Cinta opposition—which has been incorporated into the record in this civil action—whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." Ceba Cinta v. Noem, et al., 1:25-cv-1818, Dkt. No. 9 (E.D. Va. Oct. 28, 2025). According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a) applies only to those who have been given legal status and subsequently placed into removal proceedings. Id. Therefore, they argue that because Gonzalez has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes that numerous district courts throughout the country have found[2] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of

---

[2] The overwhelming majority of district courts to consider this issue have held that the detention scheme applicable to noncitizens already residing in the United States is 8 U.S.C. § 1226(a). See Barco Mercado v. Francis, 2025 WL 3295903, at *4 nn. 22–23 (S.D.N.Y. Nov. 26, 2025) (collecting hundreds of federal decisions holding that § 1226(a) is the applicable detention scheme for noncitizens already present in the United States); see also Kyle Cheney, Our Running List of Judges Who Have Ruled on ICE's Mass Detention Policy, POLITICO, https://www.politico.com/news/2026/02/18/trump-judges-immigration-detention-00784614?_sp_pass_consent=true (last updated Apr. 28, 2026).

the statutory scheme, and traditional tools of statutory construction.  See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025).  The Second Circuit considered the federal respondents' position in Cunha v. Freden,[3] and a unanimous panel agreed with "the overwhelming majority of federal judges across the Nation [who have] conclude[d] that the government's novel interpretation of the immigration statutes defies their plain text," explaining that the "text makes clear that Section 1226(a) governs detention of noncitizens like Petitioner" and "Section 1225(b)(2)(A) does not apply to such noncitizens, who are present in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026); accord Hernandez Alvarez v. Warden, 2026 WL 1243395, at *13 (11th Cir. May 6, 2026); Lopez-Campos v. Raycraft, 2026 WL 1283891, at *3–7 (6th Cir. May 11, 2026). Moreover, as the Second Circuit stated, "even if the government's newfound interpretation of Section 1225(b)(2)(A) were plausible—and it is not—we would nonetheless reject it based on our obligation to construe these statutes in a manner that would avoid the serious constitutional questions attendant to what would be the broadest mass-detention-without-bond mandate in our Nation's history for millions of noncitizens." Cunha, 2026 WL 1146044, at *2.  The Second and Eleventh Circuit's opinions are consistent with this Court's analysis of these detention statues as articulated in Hasan v. Crawford, 800 F. Supp. 3d 641 (E.D. Va. 2025), and the Court adopts the findings and conclusions in Hasan into this Order.

The Court recognizes that the Fifth and Eighth Circuits have reached contrary conclusions in two split decisions. Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026);

---

[3] The Petitioner in Cunha was a noncitizen from Brazil who had lived in the United States for more than 20 years after entering the country without inspection and admission.

Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). Those decisions are not binding here, CASA de Md., Inc. v. Trump, 971 F.3d 220, 260 (4th Cir. 2020), and the Court is unpersuaded by the Fifth and Eighth Circuit's rationales for many of the reasons set forth in dissenting Judge Douglas's and Judge Erickson's strong dissents. Specifically, Judge Douglas correctly explained the federal respondents' interpretation risks rendering substantial portions of the statutory scheme superfluous and internally inconsistent. Buenrostro-Mendez, 166 F.4th at 511–13 (Douglas, J., dissenting). And Judge Erickson cogently observed that "[a]ll three branches of government" have understood the detention statutes to "maintain the distinction between unadmitted citizens in the interior and those arriving at the border for detention purposes." Avila, 170 F.4th at 1140 (Erickson, J., dissenting). "Five presidential administrations, including the first Trump administration, and most immigration judges interpreted § 1225 to apply only to those arriving at the border," "[s]everal courts" interpreted § 1225's reference to noncitizens "seeking admission" "as applying only to those seeking lawful entry at the border," and "Congress never attempted to correct the other two branches." Id. For these reasons, the Court finds the Fifth and Eighth Circuits' majority rulings unpersuasive.

Gonzalez has been present in the United States since 1998. [Dkt. No. 6] at ¶ 37. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Gonzalez's detention is governed by § 1226(a). See Abreu v. Crawford, 2025 WL 51475, at *3 (E.D. Va. Jan. 8, 2025) ("There is a statutory distinction between noncitizens who are detained upon arrival into the United States and those who are detained after they have already entered the country, legally or otherwise."). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he

6

poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Gonzalez's continued detention is unlawful.

## III.

For all these reasons, Gonzalez's request that the Court make a finding of civil contempt, [Dkt. No. 11], is DENIED; Gonzalez's Amended Petition, [Dkt. No. 6], is GRANTED; and it is hereby

ORDERED that Gonzalez be promptly released from custody, with all his personal property, in order to appear at a bond hearing before an Immigration Judge; and it is further

ORDERED that Gonzalez live at a fixed address which he must provide to the federal respondents[4]; and it is further

ORDERED that respondents provide Gonzalez with an individualized bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Gonzalez on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Gonzalez is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2); and it is further

ORDERED that if Gonzalez is released on bond, the federal respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Gonzalez unless he (1)

---

[4] If petitioner opts to file a pleading in this civil action notifying the federal respondents of his fixed address, petitioner should file that pleading under seal.

commits a violation of any federal, state, or local law; (2) fails to comply with the conditions of his release; (3) fails to attend a properly noticed immigration hearing; or (4) is detained pursuant to a valid, final order of removal.

The Clerk is directed to enter judgment in Gonzalez's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 27 day of May, 2026.

Alexandria, Virginia

/s/

Leonic M. Brinkema
United States District Judge

8